**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

STEPHEN LOCKETT,

                     Plaintiff,

    -against-

HOTEL HUGO d/b/a BAR HUGO, et al.,

                    Defendants.

------------------------------------------------------------x

21-cv-7131 (JHR) (OTW)

**ORDER**

      **ONA T. WANG, United States Magistrate Judge:**

After the June 27, 2023, status conference, I directed the parties to remain in my courtroom to meet and confer on the remaining discovery disputes, and to file a joint letter by July 21, 2023, indicating which disputes were resolved, and which remained open. (*See* ECF 86; *see also* ECF 89-1) (Transcript of June 27 conference, hereinafter "Tr."). What followed was not one letter, but **three** letters dated July 19, July 20, and July 21, 2023. (ECF Nos. 89-91).

Although the letters purport to identify matters on which the parties agreed, they also raise numerous other issues and further muddy the waters with accusations of unprofessional conduct in both directions. For example, Defense counsel represented that communications between and among Defendants regarding the incident, however "sparse," had been produced (*see* Tr. at 7), yet Plaintiff apparently expected extremely broad production of documents beyond the spirit of the Court conference, "in consideration" for providing and re-agreeing to discovery that had seemed non-contentious at the conference itself (such as providing medical authorizations for Plaintiff and a continued deposition of Plaintiff). (*See, e.g.*, ECF 91 at 2).

The central factual disputes in this case concern the reasons Plaintiff was denied entry to the rooftop bar, and the alleged damages suffered by Plaintiff during the altercation at the ground floor lobby level. After reviewing the multiple letters submitted by the parties, the Court rules as follows:

1. The parties shall propound no more document requests in either direction.

2. No document requests need be "withdrawn," even if they are overbroad. **However, if the parties' motion to compel production of documents beyond the scope and spirit of this Order, they may face sanctions.**

3. Plaintiff's medical authorizations, if they have not already been provided, shall be provided **forthwith**.

4. Any extant document requests shall be limited in scope to the incident that gave rise to the complaint, whether or not the request is so limited on its face.

5. The portions of the litigation hold letter, read into the record at the June 27, 2023, conference, did not give Defendants sufficient notice to give rise to a duty to preserve any video of the rooftop bar area. (*See* Tr. at 16, 21.) To the extent Plaintiff seeks spoliation sanctions for failure to preserve any video of the rooftop bar area, that motion is **DENIED**.

6. Even if video of the rooftop area exists from August 30, 2020, it does not need to be produced.

7. Any non-privileged documents that have not yet been produced that are responsive to the parties' document requests as they have been limited above shall be produced **no later than Friday, September 8, 2023**.

8. Privilege logs, to the extent any documents are being withheld on privilege grounds, shall be exchanged by **Friday, September 15, 2023**.

9. If Defendants are withholding any documents under the "joint defense rule" (Tr. at 7-8), they are directed to identify the documents they are withholding under said "rule." Before doing so, Defendants are advised to research whether the "joint defense rule" applies as broadly as they intend to assert it.

10. Plaintiff shall sit for an additional **three hours** of deposition testimony and his continued deposition shall not be limited by subject area.

11. Plaintiff's continued deposition will take place after document production is completed, and no later than **October 19, 2023**.

12. Defendants' 30(b)(6) deposition will take place after Plaintiff's deposition is complete.

13. Dr. Alquon's deposition will take place at a mutually agreeable date and time after Plaintiff's deposition is complete.

14. If the parties intend to take any additional depositions, they shall meet and confer and propose, **no later than Friday, September 15, 2023**, an agreed-upon list and schedule.

15. The fact discovery deadline is extended, *nunc pro tunc*,[1] **to November 3, 2023**.

16. The parties are directed to submit separate status letters – **one** letter each – on **Friday, September 29, 2023**, updating the Court on the status of discovery. **There shall be no replies**.

---

[1] The parties' last requested fact discovery extension was to August 30, 2023 (*see* ECF 69), but it was never granted. **Parties are cautioned that future extensions are unlikely to be granted.**

The Clerk of Court is respectfully directed to close ECF Nos. 70, 71, and 89.

**SO ORDERED.**

| | |
|---|---|
| | _s/ Ona T. Wang_ |
| Dated: August 18, 2023 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |